## McWHORTER et v CURRAN

Ohio Appeals, 7th Dist, Columbiana Co

Decided April 23, 1935

P. V. Mackall, East Liverpool, for plaintiff in error.

Harry Brokaw, East Liverpool, for defendant in error.

## OPINION

By NICHOLS, J.

On February 2, 1934, W. F. McWhorter and T. I. Fannin, doing business as Potters Adjustment Bureau, plaintiffs in error, filed suit against Florence Curran. defendant in error,·in the Municipal Court of East Liverpool for the sum of $35.50. Judgment by default for that amount, plus costs was subsequently obtained.

While the above proceeding was pending in the Municipal Court of East Liverpool, Florence Curran filed her ex parte application in the same court for the appointment of a trustee to receive that portion of her wages, not exempt by law, to be distributed among her various creditors in accordance with the sixth branch of §1579-870, GC, providing for the jurisdiction of the Municipal Court of East Liverpool, which portion of such section we quote.

"6. The Municipal Court shall have jurisdiction upon the application of a debtor, to appoint a trustee to receive that portion of the personal earnings of the debtor, which, as against claims for necessaries, is not exempt from execution, * * * and such additional sums as the debtor may voluntarily pay or assign to said trustee, and to distribute the money pro rata among creditors having claims for necessaries against the debtor at the time of application."

The application of Florence Curran for the appointment of such trustee was filed in the Municipal Court·on the thirteenth day of February, 1934, in which application Florence Curran named as one of her creditors the Potters Adjustment Bureau, the amount of whose claim was set out as $35.50. As shown by the agreed statement of facts which is a part of the record, on the day of filing the application asking for the appointment of a trustee there was an order made appointing Sara E. McMillan as trustee and ordering notice given to all the creditors of Florence Curran. The docket and journal entries in the Municipal Court contain a copy of the order of such court in that respect and show that such order was made by the court on the 14th of February, 1934, in the following language:

"This cause came on to be heard upon the petition of the petitioner, Florence Curran, for the appointment of a trustee to receive twenty per cent (20%) of her personal earnings and to distribute the same to all her creditors listed in the said petition, and the evidence. Upon consideration of which the court finds that the petitioner is a resident of Columbiana County, Ohio; that she has several creditors to whom she owes bills for necessaries, and that previous to this hearing she gave notice to each of her said creditors listed in the petition of the pendency and prayer of the said petition; and that a trustee should be appointed according to the prayer of the petition.

"It is, therefore, ordered that Sara McMillan, the Clerk of this Court, and her successors in office, be appointed as such trustee to receive twenty per cent. (20%) of petitioner's personal earnings to be paid to her in semi-monthly payments by the petitioner for the benefit of all her creditors, and to make distribution of the same according to law and the orders of this court.

"And, it is further ·ordered that all attachments and proceedings in aid of execution on the part of listed creditors be barred from further such proceedings.

"It is further ordered·that a fee of fifteen dollars ($15) be allowed to the petitioner's attorney, Harry Brokaw, and that the same be set aside out of the first money paid into court by the said petitioner and charged as costs in this case as other costs, and this cause is continued for further order of this court."

As hereinbefore stated in this opinion, the application filed by Florence Curran for the appointment of such trustee ·was an ex parte proceeding. The finding of the court is to the effect that previous to the hearing of this application she gave notice to each of her creditors listed in the petition of the pendency and prayer of such petition and that a trustee should be appointed according to the prayer of the petition. The agreed statement of facts which constitutes the record in this case does not set forth that any such notice was given to W. F. McWhorter or T. I. Fannin, doing business as Potters Adjustment Bureau. The agreed statement of facts does show, that on February 17, 1934, which is three days after the entry of the order in the Municipal Court, a notice was mailed by Harry Brokaw, attorney for the applicant, to W. F. McWhorter and T. I. Fannin, doing business as Potters Adjustment Bureau, which notice was received by the last named parties and is in the words and figures following:

"State of Ohio, Columbiana County,
"Municipal Court in and for East
"Liverpool, Ohio.

"In re: Application of Florence Curran for Appointment of Trustee to Receive Wages Not Exempt by Law. Case No. ....

"To: W. F. McWhorter and T. I. Fannin, doing business as Potters Adjustment Bureau:

"You will take notice that Florence Curran has filed her application in the Municipal Court of East Liverpool, Ohio, for the appointment of a trustee to receive the portion of her wages not exempt by law. A temporary trustee has been appointed, and the court has ordered that all creditors named in the said application be notified of the pendency of said action. The prayer of the application asks that upon final hearing the appointment of a trustee be made permanent, and that a writ of prohibition issue from the court prohibiting all creditors named from attaching, executing upon, or otherwise interfering with the applicant's said wages. Said application will be for hearing upon the further order of the court.

"(Signed) Harry Brokaw,
"Attorney for the Applicant."

Afterwards, on March 8, 1934, a transcript of the judgment and proceedings in the case wherein Potters Adjustment Bureau obtained judgment against Florence Curran was taken by the plaintiff in that case and filed in the office of Ottis Jackson, a justice of the peace in and for Hancock County, West Virginia, and an attachment was issued on the transcript against the defendant and her personal earnings or wages were garnisheed in The Edwin M. Knowles China Company and money in the amount of $46.50 attached.

It is agreed that W. F. McWhorter and T. I. Fannin, partners doing business as Potters Adjustment Bureau, and Florence Curran are and were, at all times mentioned in this proceeding, residents of the city of East Liverpool and within the jurisdiction of the Municipal Court of that city.

On March 24, 1934, at the January term of the Municipal Court, such court made an order that W. F. McWhorter and T. I. Fannin, doing business as Potters Adjustment Bureau, appear on March 27, 1934, to stand for contempt of the order theretofore entered in such court upon the application of Florence Curran for the appointment of a trustee, as aforesaid, complaint having been filed in such court against them and motion made to show cause why these creditors should not be punished for contempt for the violation of an order of the court barring attachment and proceedings in aid of execution. Copy of the complaint having been served upon T. I. Fannin and W. H. McWhorter, they came before that court on the 28th of March, 1934, in obedience to the rule of the court, and upon examination the court found them guilty of contempt and assessed a fine and imposed a jail sentence upon each of the parties.

Error was prosecuted to the Court of Common Pleas of Columbiana County and the judgment of the Municipal Court finding McWhorter and Fannin guilty of contempt and assessing fine and imposing jail sentences was affirmed. The cause is in this court on petition in error to reverse the judgments of the lower courts. The petition in error sets forth some seventeen alleged grounds of error.

First, it is claimed that the Municipal Court of the city of East Liverpool was without jurisdiction to make an order whereby plaintiffs in error could be prevented from filing their attachment proceeding in the state of West Virginia to subject the wages of Florence Curran, earned in the state of West Virginia, to the payment of the judgment obtained by plaintiffs in error against her in the state of Ohio.

We find and hold that the Municipal Court of the city of East Liverpool has been established as a court of record under constitutional authority and that such court is, by the terms of §1579-870, GC, clothed with jurisdiction and power on the application of a debtor to appoint a trustee to receive that portion of the personal earnings of the debtor, which, as against claims for necessaries, is not exempt from execution, and such additional sums as the debtor may voluntarily pay or assign to such trustee, and to distribute the money pro rata among creditors having claims for necessaries against the debtor at the time of application.

Sec 1579-871, GC, provides that:

"When a trustee shall be so appointed, no proceeding in attachment, aid of execution or otherwise to subject the personal earnings of the debtor to payment of claims for necessaries shall be brought or maintained by any creditor having a claim against such debtor at the time of the application herein, before any justice of the peace or in any court, so long as at least fifteen per centum of the personal earnings of such

debtor is paid to the trustee at regular intervals, as fixed by the courts; provided, however, this provision shall not be construed to prohibit creditors from recovering judgments against the debtor nor to prohibit levy, under a writ of attachment or execution, upon any other property which is not exempt from execution.

"The maintaining of a proceeding in attachment, aid of execution or otherwise, in violation of the foregoing provision, may be prevented by a writ of prohibition, in addition to all other remedies provided by law."

We find and hold that the provisions of this section are constitutional and that the Municipal Court of the city of East Liverpool was authorized under this section to make the order that all attachments and proceedings in aid of execution on the part of listed creditors be barred from further such proceedings, it being conceded that Florence Curran as well as McWhorter and Fannin were residents of East Liverpool.

Likewise, under this section, the Municipal Court of the city of East Liverpool was clothed with jurisdiction in a proper case to have ordered that a writ of prohibition issue to any justice of the peace or other subordinate judicial tribunal within the territorial jurisdiction of the Municipal Court, preventing any such justice or other subordinate judicial tribunal from maintaining any attachment proceedings, proceeding in aid of execution, or other proceeding to subject the wages of the debtor to the payment of her debts. We must assume that the Legislature understood the nature of the writ of prohibition, that it is a high prerogative writ issued to restrain subordinate judicial tribunals from exceeding their jurisdiction. The writ is issued only to a court, officer, or person about to exercise unauthorized judicial or quasi-judicial power. Ordinarily the writ issues only when no other adequate remedy exists to prevent the injury, but in the particular instance the Legislature has authorized the writ in addition to all other remedies provided by law. But the function of the writ is not to prevent individuals from bringing proceedings in attachment, aid of execution, etc., but is to prevent subordinate judicial tribunals from maintaining such actions. The purpose of the writ may have been misunderstood in the lower courts.

The right of the Legislature to provide by law for exemptions to distressed debtors has been so long established that the same needs no citation of authority. And it is clear that in order to safeguard the rights of those persons for whom exemptions are provided by law, the Legislature was within its legislative power in enacting the statutes in question in this case. These sections of the General Code expressly provide that the remedies therein set forth are in addition to all other remedies provided by law. So it is clear that the debtor might have brought an action to enjoin or restrain these plaintiffs in error from bringing the attachment or proceeding in aid of execution in the state of West Virginia and that an injunction or restraining order obtained in a court having jurisdiction over the person of the plaintiff in error would have been effective to prevent them from taking the transcript of their judgment into West Virginia and suing out an attachment in the courts of that state.

The order made by the Municipal Court of the city of East Liverpool in the matter of the application of Florence Curran for the appointment of a trustee likewise created a defense in favor of the debtor to any action which plaintiffs in error might have instituted in the state of Ohio by way of attachment, aid of execution or otherwise to subject the personal earnings of the debtor to the payment of their claim. It is not necessary to a decision of this case for this court to determine whether such defense would have been available to the debtor in the action brought by plaintiffs in error in the state of West Virginia to attach her wages.

Sec 1579-872, GC, provides that the Municipal Court of East Liverpool "may provide, by rule, for notice to creditors, the authentication and adjudication of claims, the time and manner of payment by the debtor, the distribution of the funds, * * * and for all other matters necessary or proper to carry into effect the jurisdiction conferred by this section." We find and hold this section to be a proper and constitutional legislative enactment.

Coming now to the order actually made by the Municipal Court of East Liverpool in the matter of the application filed by Florence Curran for the appointment of a trustee. we find, first, that no order was made that a "writ of prohibition" issue to the plaintiff in error to prevent them from prosecuting the action in the state of West Virginia, or elsewhere, for the attachment of the debtor's wages. As stated above, the court was not clothed with jurisdiction to order such writ of prohibition to issue to plaintiffs in error as individuals and did

not make such order in this case. The order that the court actually made so far as pertinent here is as follows:

"And it is further ordered that all attachments and proceedings in aid of execution on the part of listed creditors be barred from further such proceedings."

This order of the court created a bar in favor of the debtor and against the plaintiffs in error which ██ might have been plead as a defense to any proceeding in attachment or aid of execution which might have been brought by plaintiffs in error in the courts of the state of Ohio. A proper construction of the order made by the court is to interpret it as an order enjoining and restraining plaintiffs in error from further proceeding with the action in the state of West Virginia whereby the earnings of the debtor were sought to be subjected to the payment of the debt and thereby depriving the debtor of the benefit of the statutes of the state wherein she resided, and if proper notice were given plaintiffs in error of the making of the order by the Municipal Court and they thereafter persisted in carrying forward the action in the state of West Virginia, the Municipal Court might properly invoke its inherent power of punishment for contempt.

The courts below seemed to feel that plaintiffs in error had actual as well as constructive notice of this order of the court and that when they disregarded the same and went into the state of West Virginia and sued out the attachment against the wages of the debtor they were guilty of contempt authorizing and justifying the finding and judgment in this case in the Municipal Court.

While the Municipal Court of East Liverpool was authorized to provide, by rule, for notice to creditors in cases ██ of this kind, we find that the only notice given to plaintiffs in error of the action of the Municipal Court was contained in the letter written by Harry Brokaw, attorney for Florence Curran, which letter has hereinbefore been quoted.

While the letter of Mr. Brokaw was not written until three days after the court had made the order in question here, nevertheless, we find that if the letter were sufficient to apprise McWhorter and Fannin that they had been enjoined from filing any proceeding to attach the wages of the debtor for the payment of their judgment, we must hold that plaintiffs in error were guilty of contempt of court in instituting the action in attachment in the state of West Virginia.

Let us examine this letter and determine of what it did apprise the plaintiffs in error. First, plaintiffs in error were given notice that Florence Curran had filed her application in the Municipal Court of East Liverpool for the appointment of a trustee to receive the portion of her wages not exempt by law; second, that a "temporary trustee" had been appointed; third, that the court had ordered that all creditors named in such application be notified "of the pendency of the said action"; fourth, that the prayer of the application asks, "that upon final hearing, the appointment of a trustee be made permanent, and that a writ of prohibition issue from the court prohibiting all creditors named from attaching, executing upon, or otherwise interfering with the applicant's wages"; and fifth, that such application will be for hearing upon the further order of the court.

Nowhere in the act providing for the creation of the Municipal Court of East Liverpool and for its jurisdiction do we find anything authorizing the appointment of a "temporary trustee." Certainly this notice did not inform the plaintiffs in error that they were in any way prohibited from prosecuting any action for the collection of their judgment. The very language of the notice indicates that a further hearing at some future time to be fixed by the court will be held when the question of making the appointment of the trustee permanent, and the question of issuing a writ of prohibition will come before that court and be determined. So far as the record shows no other hearing was ever held by the Municipal Court of the city of East Liverpool and no other notice was ever given to plaintiffs in error; and it is not claimed in the record that plaintiffs in error had notice in any other manner than that given them by the letter of Mr. Brokaw. It will be noted that the letter does not state in any way or give any inference of the fact that the court has already made an order barring attachments and proceedings in aid of execution on the part of listed creditors. It was within the power and jurisdiction of the court to have provided that notice be given to plaintiffs in error of the order actually made in this case by such court, and we hold that if such notice had been given that court would have been empowered, upon proper motion and hear-

ing, to have found plaintiffs in error guilty of contempt as was done in this case

The judicial authority of the Municipal Court of the city of East Liverpool to punish contempts for disobedience of or resistance to a lawful writ, process, order, rule, judgment, or command of the court is expressly provided for in §§12136, 12137 et seq, GC, and such judicial authority is now so well recognized as to need no other citation of authority therefor. However:

"It is essential to the punishment of a person for contempt for the violation of a court order, that he have notice of the order, either actual or by service of the same upon him. This rule applies whether the person sought to be punished for the contempt is a party to the proceeding in which the order is issued or a stranger thereto. If the person sought to be punished is a party to the proceeding and is present when the order is made and objects thereto, his actual knowledge takes the place of service. The statute providing that a person may be punished for contempt for disobedience of or resistance to an order of a court does not authorize the punishment of one for disobeying or resisting an order of which he has no knowledge and which is not addressed to him." · 9 Ohio Jurisprudence, 84, §44.

In Re Lennon, 10 O.F.D. 456, 166 U. S. 548, 41 L. Ed. 1110, 17 S. Ct. 658; Cassily v John Church Co., 21 C.C. 197, 11 C.D. 461; Hunter v Condron, 12 O.D. (N.P.) 577; In Re Concklin, 5 C.C. 78, 3 C.D. 40.

"It is a wilful violation of an order of court which constitutes contempt, that is, there must have been an intent, knowing the order, or at least its nature, to transgress it, before a court will inflict punishment." 9 Ohio Jurisprudence 79, §43; In Re Frisbie, 27 Oh Ap 290 (6 Abs 420), 161 NE 346.

From the record in this case we are unable to find that plaintiffs in error had any notice that an order had been made by the Municipal Court of East Liverpool barring them from proceeding in attachment in the state of West Virginia, or elsewhere, for the collection of their judgment, and it necessarily follows that the finding and judgment of the Municipal Court was unauthorized and contrary to law. This opinion in no wise questions the judicial authority in this respect in all proper cases, and this decision applies only to the case

at bar under the facts which are apparent on the record.

Having found that the Municipal Court of East Liverpool was without authority and jurisdiction under the facts in this case, as shown by the record, to make the finding and judgment in this case, it is unnecessary to consider the other errors assigned.

For the reasons hereinbefore stated the judgments of the Common Pleas Court and of the Municipal Court of the city of East Liverpool are reversed and held for naught, and plaintiffs in error are discharged.

Judgment reversed and plaintiffs in error discharged.

CARTER, PJ, and ROBERTS, J, concur.