DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Anthony Cunard, appeals from a judgment entered by the Sandusky County Court #1, finding him in contempt. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} This case was commenced on March 12, 2004, when appellees, Jennifer McCall and James Davis, filed an action for forcible entry and detainer against appellant seeking restitution of the premises and money damages for past due rent. On July 28, *Page 2 
2004, the trial court entered a judgment granting restitution of the premises to appellees. The judgment further provided that $2,555 was "ordered owing for May, June, and July of 2004 as rent."
 {¶ 3} On August 30, 2004, appellees filed a motion for an order citing and summoning appellant to appear before the court to show cause why he should not be punished for contempt of court "for having failed to comply with the provisions of the judgment heretofore entered requiring [appellant] to pay to [appellees] the sum of $2,555.00 as and for rent for the months of May, June and July of 2004." Attached to the motion was an affidavit by appellees' counsel, Thomas M. Bowlus, wherein it was relevantly stated:
 {¶ 4} "* * * That on July 28, 2004, this Court issued an Order that [appellant] was to pay [appellees] the sum of $2,555.00, and that the Court directed [appellant] and his counsel to make such payment through Affiant's office;
 {¶ 5} "* * * That [appellant] stated in open court that he had the financial ability to make such payment and would do so immediately;
 {¶ 6} "* * * That [appellant] has willfully disobeyed, and continues to willfully disobey, such order of the Court, and has failed to make such payment, in full or in part."
 {¶ 7} The trial court found appellees' motion to be well-taken. A hearing on the matter was held on October 5, 2004. The same day, the trial court issued an order finding appellant in contempt and sentencing him to ten days in jail. The order further provided that the jail sentence would be purged "upon payment of $2,555.00 within 3 days plus *Page 3 
$250 for attorney fees for appellees' attorney." The jail time, in the event that appellant failed to pay, was scheduled to begin on November 12, 2004.
 {¶ 8} On January 25, 2005, a bench warrant was issued for appellant for his failure to report to jail for his ten-day sentence. In response to the issuance of the bench warrant, appellant's attorney represented that appellant was in poor physical health, and was not well enough to serve his sentence.
 {¶ 9} More than two years later, in a letter dated February 21, 2007, appellee James Davis notified the trial court that appellant had neither paid the three months rent nor served the ten-day sentence for contempt. The trial court, presumably in response to this letter, recalled the previously issued bench warrant for appellant and set the case for a hearing on April 24, 2007.
 {¶ 10} Upon receiving notice of the hearing, appellant's attorney, Frank H. Bennett, filed a "Motion to Make Definite and Certain," in which he requested an order from the court setting forth the purpose of the hearing. The trial court responded, by way of a judgment entry, that the purpose of the hearing was "to re-hear the motion of Plaintiff to show cause for contempt, to wit — the motion of plaintiff filed August 30, 2004."
 {¶ 11} The April 24, 2007 hearing took place as scheduled. Appellee James Davis appeared with his counsel, and attorney Bennett appeared on behalf of appellant. Although appellant was not physically present, attorney Bennett acknowledged that he represented appellant and was authorized to go forward. *Page 4 
 {¶ 12} At the hearing, the trial court specifically recalled that on July 28, 2004, appellant had represented to the court that he had the money to pay for the three months rent that was owing and that he would pay it to appellees forthwith. The trial court also acknowledged, however, that this promise to pay by appellant was in no way reflected in the court's July 28, 2004 judgment entry ordering payment.
 {¶ 13} Following the April 24, 2007 hearing, the trial court issued a judgment entry which pertinently provides:
 {¶ 14} "The Court today finds Anthony Cunard in contempt for fraudulent representations to Court in representing that he had money on deposit with Court that in fact he did not. Defendant Cunard is granted 30 days to purge this contempt by paying 2550.00 into court to comply with July 28, 2004 order. This is a final appealable order."
 {¶ 15} It is from this judgment that appellant appeals, raising the following assignments of error:
 {¶ 16} I. "THE TRIAL COURT ERRED WHEN BY ORDER FILED ON APRIL 24, 2007 IT FOUND DEFENDANT, ANTHONY CUNARD, IN CONTEMPT OF COURT `FOR FRAUDULENT REPRESENTATION TO COURT IN REPORTING THE HE HAD MONEY ON DEPOSIT (?) THAT IN FACT HE DID NOT' WHICH ORDER WAS BASED ON AN ALLEGED RECOLLECTION OF ATTORNEY FOR PLAINTIFF OF ALLEGED STATEMENTS OF DEFENDANT IN THE HEARING HELD IN THIS CAUSE ON JULY 28, 2004 BY THE TRIAL COURT AND UPON NO EVIDENCE PRESENTED WHATSOEVER." *Page 5 
 {¶ 17} II. "THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT IN CONTEMPT OF COURT `FOR FRAUDULENT REPRESENTATION TO COURT IN REPORTING HE HAD MONEY ON DEPOSIT (?) THAT IN FACT HE DID NOT', WHEN NO MOTION OR CITATION WAS EVER FILED CHARGING DEFENDANT WITH CONEMPT OF COURT `FOR FRAUDULENT REPRESENTATION TO COURT IN REPRESENTING HE HAD MONEY ON DEPOSIT (?) THAT IN FACT HE DID NOT' NOR WAS ANY MOTION OR CITATION ISSUED AND/OR SERVED UPON HIM SO HE WOULD KNOW WHAT ACT HE WAS ALLEGED TO HAVE COMMITTED WHICH AMOUNTED TO CONTEMPT OF COURT SO THAT HE COULD PREPARE A DEFENSE TO THAT SPECIFIC ALLEGATION OF CONTEMPT."
 {¶ 18} III. "THE COURT ERRED WHEN ON APRIL 24, 2007, IT ORDERED THAT DEFENDANT CUNARD WAS GRANTED 30 DAYS TO PURGE `THIS CONTEMPT' BY PAYING $2,555.00 INTO COURT TO COMPLY WITH ITS ORDER DATED JULY 28, 2004 WHEN IN FACT THAT ORDER WAS MADE TO COERCE DEFENDANT TO PAY THE JUDGMENT OR FACE IMPRISONMENT CONTRARY TO AND IN VIOLATION OF ARTICLE I OF SECTION 15 OF THE BILL OF RIGHTS OF THE CONSTITUTION OF THE STATE OF OHIO WHICH STATES, `NO PERSON SHALL BE IMPRISONED FOR DEBT IN ANY CIVIL ACTION MESNE OR FINAL PROCESS, UNLESS IN CASES OF FRAUD.'" *Page 6 
 {¶ 19} This court has defined contempt of court as "the failure to abide by a lawful judgment or order of a court, or behavior that brings the administration of justice into disrespect, or that embarrasses or obstructs a court in performing its functions." Camp-Out, Inc. v.Adkins, 6th Dist. No. WD-06-057, 2007-Ohio-3946, ¶ 18; see, also, R.C.2705.01(A). Direct contempt occurs when a party misbehaves in the presence of a judge or so near the court or judge as to obstruct the administration of justice. Camp-Out, Inc., supra, at ¶ 18; R.C. 2705.01. In a case of direct contempt, the court may summarily punish the contemnor. Camp-Out, Inc., supra, at ¶ 18; R.C. 2705.01.
 {¶ 20} Indirect contempt occurs when a party engages in conduct outside the presence of the court that demonstrates a lack of respect for the court or its orders. Bierce v. Howell, 5th Dist. No. 06 CAF 05 0032, 2007-Ohio-3050, ¶ 16. In cases of indirect contempt, the court must give the alleged contemnor notice and an opportunity to be heard, either by himself or by his counsel. R.C. 2705.03; Camp-Out, Inc., supra, at ¶ 19.
 {¶ 21} Courts further classify contempt as criminal or civil, depending upon the purpose of the sanction imposed. Sanctions for criminal contempt are punitive, rather than coercive, in nature, and are aimed at vindicating the authority of the court. Camp-Out, Inc., supra, at ¶ 20. Criminal contempt sanctions are imposed as "punishment for the completed act of disobedience" and usually consist of fines and/or an unconditional period of incarceration. In re Purola (1991),73 Ohio App.3d 306, 311.
 {¶ 22} A sanction imposed for civil contempt, on the other hand, is remedial or coercive in nature and is imposed for the benefit of the complainant. Id. Any sanction *Page 7 
imposed for civil contempt must afford the contemnor the right to purge himself of the contempt. DeLawder v. Dodson, 4th Dist. App. No. 02CA27, 2003-Ohio-2092, ¶ 10.
 {¶ 23} With respect to both civil and criminal contempt, the alleged contemnor is entitled to notice that apprises him of the nature of the charge against him. See Tippie v. Patnik, 11th Dist. No. 2005-G-2665,2006-Ohio-6532, ¶ 38 (dealing with criminal contempt); Cincinnati v.Cincinnati Dist. Council 51, Am. Fedn. of State, Cty. Mun.Employees (1973), 35 Ohio St.2d 197, syllabus at paragraph two (dealing with civil contempt).
 {¶ 24} In the instant case, the trial court stated in its April 24, 2007 judgment entry that appellant was found in contempt for making "fraudulent representations" to the court. Taken alone, this statement would appear to indicate that the sanction imposed was for direct criminal contempt. Looking beyond the trial court's finding, however, we note the purge condition in which appellant is granted 30 days in which to pay $2,555 into court in order to comply. The existence of a purge condition implies that the sanction was imposed for civil contempt. Likewise, the amount of the sanctions — the precise amount found owing in the trial court's initial order of July 28, 2004 — indicates that the actual purpose of the punishment imposed by the trial judge was not to issue a fine for criminal contempt, but rather to compel appellant to comply with the court's prior order to pay appellees for past due rent. On the basis of the foregoing, we conclude that this case involves indirect civil contempt. *Page 8 
 {¶ 25} This conclusion is consistent with the trial court's order stating that the purpose of the April 24, 2007 hearing was to rehear appellees' August 30, 2004 motion for contempt. In that motion, appellees sought punishment for appellant as a result of his failure to comply with the provisions of the judgment requiring him to pay $2,555 for past due rent. Although the Bowlus affidavit mentioned an open-court representation by appellant that he had the ability to make the required payment and would do so immediately, there was no allegation that appellant had made any fraudulent misrepresentation concerning money allegedly on deposit with the court.
 {¶ 26} Although trial courts have the authority to enforce their orders through contempt proceedings, R.C. 2705.02, the order sought to be enforced in this case is a judgment on a contractual debt. The law is clear that "[a] contempt proceeding is not a proper method by which to collect a civil judgment." Id., citing Heidelberg College v. Depew
(1988), 44 Ohio Misc.2d 20, 541 N.E.2d 637 (finding that the constitutional prohibition against imprisonment for debt in any civil action, set forth at Section 15, Article I of the Ohio Constitution, applies to judgments arising out of breach of contract). Thus, appellant's third assignment of error is found well-taken.
 {¶ 27} Even if we were to accept that appellant was being punished for having made false representations to the court regarding certain monies being on deposit with the court — i.e., that he was being punished for direct criminal contempt — we would have no choice but to find that he was not adequately apprised of the nature of the charges against him and, therefore, was not properly found in contempt. See Cincinnati v.Cincinnati *Page 9 Dist. Council 51, Am. Fedn. of State, Cty. Mun. Employees (1973),35 Ohio St.2d 197. Accordingly, appellant's second assignment of error is found well-taken.
 {¶ 28} As a result of our determinations concerning appellant's second and third assignments of error, we find that appellant's first assignment of error has been rendered moot.
 {¶ 29} For all of the foregoing reasons, the judgment of the Sandusky County Court #1 is reversed. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., Concur. *Page 1